Chief Justice Robertson
delivered the Opinion of the Court.
Early, as endorsee, sued McCart, in assumpsit, on the following instrument, treated and described in the declaration, as an inland bill of exchange': — “Pay to Alexandcr and Stockton, or-order, two hundred and fifteen dollars, and I will credit your note to me for that amount, due on the 25ih instant — value received.
August 24th, 1833.
To Mr. John Andrews. 1
Sherburn Mills. $ Robert McCart
On which was the following endorsement : — towit, “Pay the within to Jacob D. Early, for value received.”

Alexander and Stockton.

On demurrers to pleas filed by McCart, the circuit court decided, that the declaration was insufficient; first, because the instrument declared on was, in the opinion of that court, an order drawn on a particular-fund, and was not, therefore, a bill of exchange.; and second, because there was no averment of consideration. And thereupon judgment was rendered against the plaintiff in the action, now appellant.
As the sufficiency of the declaration is neither questioned, nor questionable, in any other respect, we will only consider the objections which seem to have influenced the judgment of the circuit court.
First. .Although it may be presumed, that the drawer drew on the drawee, for a debt, and only in consequence of that indebtedness; nevertheless, as the mon *415 ey or other means of the drawee, with which the debt would be paid, or the bill honored, could not be deemed a fund of the drawer’s, the document cannot be considered an order drawn on a particular fund; but should be deemed a bill drawn on the general credit of the drawer. It has, all the requisites of a bill of exchange ; it is negotiable on its face, and is payable without any contingency. Chitty on Bills, seventh American, New York, Edition, from 41 to 50 inclusive. The reference to the drawee’s indebtedness should be considered as only a designation of the mode of reimbursement or indemnity. — lb. 49. And, even if the bill should be deemed to have been drawn on a particular fund, still, as that fund was certain, and the event on which the payment depened, to wit, the drawee’s indebtedness at that time, or before the time of payment, is stated to be, or may be presumed to be, equally certain, it is a good hill of exchange. Ib. 47—8—9; Bank of Kentucky vs. Sanders, 3 Marshall, 184.
A consideratioa for a bill of exchange, is implied, and need not be averred, in the declaration.
Toan action on defendant” who orwant’ofcon“deration, may be a good defence. Against aninnoeentholder (as a subsequent endorsee, without notice) who obtained, the bill, for a valuable consideration, before it was due, or any suspicious oircumstance appeared, such a defence will not avail: but proof of fraud, or want of consideration, will put it upon the plaintiff to prove,that be is an innocent holder, for a valuable consideration. Gaming and usurious considerations are exceptions to the general rule¿ and render the bill entirely void — even in the hands of a bona fide holder, without notice.
Second. As the document is a bill of exchange, the averment of a consideration was not necessary ; because, according to the pol icy and doctrines of mercantile law, a consideration is implied, and need not be averred in a declaration on a bill of exchange.
Unless, therefore, one of the pleas be good, the judgment of the circuit court was erroneous.
If either plea be good, it is that which avers, that the bill was procured from the drawer by fraud, and without any consideration. Although that plea is, in effect, but the general issue of non assumpsit, it will not now be obiected to on that ground. But, whether it be considJ p ■ . erect as a plea of fraud,.or of no consideration, or of both, however deficient it may be in form, it is, in our judgment, more fatally so in substance.
Although, as between the immediate parties to a bill, as drawer and payee, endorser and endorsee, — fraud, or want of consideration, may be a good defence ; such *416 matter is not available as between the drawer and an iip nocent endorsee, or holder, for a valuable consideration, to whom the bill had been transferred before its time of payment had elapsed, or before it had been otherwise degraded or rendered suspicious. This is the well settled doctrine of the lex mercaloria applicable to such cases. Chitty on Bills 85—6; 3 Kent's Com. 79—80; 1 Wheaton's Selwyn, 262—266.
A"plea of fraud, Ur of want of consideration, to an action on a bill of exchange, against any other party than that from whom the pltf. receiv’d thebilJ, must, besides averring the fraud, or Want of consideratión, aver that the pltf. gave no value for it; or that he had notice of the fraud, or notice that there was no consideration, and the bill not drawn for the accommodation oljthe payee.
The same authorities and others, however, abundantly show, that proof of fraud, or of no consideration, or of an illegal consideration, as between drawer and payee, or any other proof tending to throw suspicion on thé title of the endorsee, will throw on him the bur-then of showing that he is an innocent holder, for a valuable consideration. A gaming, or usurious consideration, is an exception from the general rule, because, as each of them is declared by statute as sufficient to render the bill altogether void, either will be a good defence even against a bona fide endorsee for valuable consideration.
But though, under the general issue of non assumpsit, proof of fraud, or of no consideration, as between the drawer and payee, might have imposed on the plaintiff in this action the burthen of showing, that he was a holder for á Valuable consideration and without notice, we are of the opinion, that the special plea of fraud, or of no consideration, is insufficient, and does not require a replication, because, admitting every allegation which it contains, still it may not bar the action. Such a plea should, in addition to fraud, or want of consideration, aver that the endorsee had given no value, or had notice of the fraud, or notice that there was no consideration, and that the bill was not drawn for the accommodation of the payee, so as to show that, if the allegations of the plea be true, or be admitted, the action cannot be maintained. The plea’ in this case contains no such averment ; and we are therefore of the opinion, that it is insufficient, and that the plaintiff was not bound to reply to it.
Wherefore, the judgment must be reversed, and the cause remanded for a new trial.