Nov. Term, 1839.

YEATMAN
v.
CULLEN.

---

YEATMAN *v.* CULLEN and Another.

A promissory note may be indorsed by an agent, and the indorsement so made may be described in a declaration as having been made by procuration, or as having been made by the party himself. That is the law, also, in the state of *Ohio*.

When a promissory note is made and assigned in one country, and is sued upon in another, the assignee's title depends on the *lex loci contractus*.

The laws of the state where a promissory note is made and assigned, must govern as to the validity of the defence to a suit brought on the note, in another state, by the assignee against the maker.

Pleas to such suit, (the note having been assigned before it was due,)—that the note was made without consideration, and that it was obtained by fraud, are not valid by the statute of *Ohio*, which is the same on the subject with the law-merchant.

Declaration in the usual form in a suit by the assignee against the maker of a promissory note. Pleas, want of consideration, &c. Replication, that the note was made in the state of *Ohio*, &c.—setting out a statute of that state, which showed the pleas to be inadmissible. *Held*, that the replication was a departure.

Nov. Term, 1839.

———

YEATMAN
v.
CULLEN.

ERROR to the *Dearborn* Circuit Court.

*Friday, December 6.*

BLACKFORD, J.—This was an action of debt upon a promissory note, brought by an assignee against the makers.

The declaration contains two counts.

The first count states that on, &c., at *Cincinnati*, state of *Ohio*, to wit, at *Dearborn*, &c., the defendants made their note, &c., payable sixty days after date to the order of one *Aaron Coon;* "and that on, &c., before the note became due, at *Cincinnati* aforesaid, to wit, at *Dearborn* aforesaid, the payee, for value received, by indorsement on the back of the note in writing, by his agent for that purpose duly authorized, transferred, assigned, and indorsed the note to the plaintiff, by which indorsement the payee directed the payment of the money in the note specified to be made to the plaintiff, of which the defendants then and there had notice." The count then sets out the statute of *Ohio* of 1820, making certain instruments of writing negotiable. According to that statute, as thus exhibited, such notes as the one here declared on, are negotiable by indorsement; the indorsee may sue in his own name; if the note be indorsed after it is due, the maker has the same defence against the indorsee that he would have had against the payee; and if the indorsement be made before the note is due, the maker is entitled against the indorsee to any payment made to the payee before the indorsement, of which payment the indorsee had notice. This count further states, that, by virtue of the premises, the defendants, at *Cincinnati* aforesaid, to wit, at, &c., became liable to pay the plaintiff the amount of the note,

VOL. V.—31

Nov. Term, 1839.

YEATMAN
v.
CULLEN.

subject only to such payment to the payee as is provided for by the *Ohio* statute; that at or before the indorsement, the plaintiff had no knowledge of any such payment having been made; and that the defendants being so liable, promised to pay, &c.

The second count is on a note executed at *Cincinnati*, *Ohio*, and of the same description, in other respects, with that set out in the first count. This second count takes no notice of the *Ohio* statute, and is in the usual form under our law.

The first count is specially demurred to. The cause of demurrer is, that the indorsement is not averred to have been made under the hand of the payee.

There are four pleas to the second count; first, *nil debent*; secondly, that the note was made without consideration; thirdly, that the note was obtained from the defendants by fraud, covin, and misrepresentation; fourthly, that the payee falsely represented to the defendants, that he had furnished certain goods for the use of their boat; that in consideration of those representations the note was given; that the goods had not been so furnished; and that the note had, therefore, been obtained by fraud. The replication to the special pleas states that the note was made at *Cincinnati*, *Ohio*, and was there indorsed to the plaintiff *before it became due*, and sets out the statute of *Ohio* as in the first count. A general demurrer was filed to this replication.

The demurrer to the first count, and the demurrer to the replication, were both sustained; and final judgment was rendered for the defendants.

The only objection made to the first count is, that the indorsement is not shown to have been made under the payee's own hand.

It is contended that this objection is good under our statute, and that the demurrer was therefore correctly sustained.

We think, in the first place, that our statute authorizes the indorsement as described. A note may be indorsed by an agent, and the indorsement so made may be described as having been made by procuration, or as having been made by the party himself. 1 Chitt. Plead. 117, note. This is

the common law, and we do not consider it to be changed by our statute. But, in the second place, as the note and indorsement were made in *Ohio*, the validity of the indorsement must be determined by the law of that state. There is a late case on the subject as follows: A promissory note was made and indorsed in *France*. The indorsement was in blank. A suit was brought in *England* by the indorsee against the maker. By the law of *France*, the indorsement in blank did not vest the property of the note in the holder; but it was a good transfer by the *English* law. The Court held that the law of *France* must govern, and the plaintiff lost the cause. *Trimbey* v. *Vignier*, 1 Bingh. New Cases, 151. The circumstances of that case differ from the one before us, but the principle of both is the same; that principle is, that when a note is made and indorsed in one country, and is sued upon in another, the indorsee's title depends on the *lex loci contractus.* ` It is evident that the indorsement, as described in the first count, is good by the laws of *Ohio*.

The demurrer to the first count ought, therefore, to have been overruled.

The replication to the special pleas to the second count, which replication was demurred to, is next to be examined.

The defendants object to the replication on two grounds: first, that the statute of *Ohio*, assuming it to be properly before the Court, cannot govern the case; secondly, that if the case were governed by the *Ohio* statute, the special pleas would still constitute a good defence to the action.

The first ground of objection is not sustainable. When the defendants gave their negotiable note, they thereby agreed that its nature, construction, and validity, should be governed by the laws of *Ohio*. 2 Kent's Comm. 454. The character of the note, that is, whether it shall be subject to be defeated by such defences as those before us, when in the hands of an assignee, depends upon the nature of the contract; and has no relation to the mode or time of suing on the note. The *Ohio* statute, therefore, if properly before us, must govern our opinion as to the validity of the pleas. It has been decided in a suit brought in *Louisiana* by the assignee of a note against the maker, that the defendant was only bound according to the laws of *Mississippi*, where

the note was made; and that he might set up any defence which was permitted in such case by the statute in *Mississippi*. *Ory* v. *Winter*, 16 Martin's Rep. 277.

Judge *Story*, in his Conflict of Laws, cites this *Louisiana* case with approbation, and makes use of the following language: "Suppose a negotiable note is made in one country and payable there, and it is afterwards indorsed in another country, and by the law of the former, equitable defences are let in, in favour of the maker, and by the latter excluded,—what rule is to govern in regard to the holder? The answer is, the law of the place where the note was made; for there the maker undertook to pay; and the subsequent negotiation did not change his obligation or right." Story's Conf. of Laws, 263. The same writer says, that a contract to pay generally, is governed by the law of the place where it is made. Ibid. 264.

According to this doctrine, and the provisions of our statute, if a suit on a note made here and assigned in *Ohio*, were brought in *Ohio* by the assignee against the maker, these defences pleaded to the second count, though inadmissible by the *Ohio* law, would be admitted in the *Ohio* Court. So, when the case is reversed and such a one as the present occurs, the conclusion is inevitable, that the law of *Ohio* if before the Court, must furnish the rule of decision,—more especially as both the note and assignment in this case were made in *Ohio*.

The second ground of objection to the replication is also untenable. The statute of *Ohio* on the subject of the special pleas is the same as the law-merchant; *Burrows et al.* v. *Hannegan*, 1 M'Lean, 315; and it is believed that the matters shown by those pleas are not sufficient of themselves, under the law-merchant, to bar the plaintiff's recovery. That they are not sufficient, is expressly stated in Chitty on Bills, pp. 104, 105. It was necessary for the defendant to show, besides the 'want' of consideration or the fraud, that the indorsement was made after the note became due, or that the indorsement was either *mala fide*, or without consideration. *Collins* v. *Martin*, 1 B. & P. 651.—*Early* v. *M'Cart*, 2 Dana, 414. The following is a late *English* case on this subject: The indorsees of a bill of exchange sued the

acceptors. The defendants pleaded, among other pleas, that
the acceptance was obtained by fraud, setting out the parti-
culars of the fraud. The plaintiffs replied; and the Court,
on a demurrer to the replication, decided the plea to be bad.
The following is the language of the chief justice respecting
the plea: "The third plea in this case, which is pleaded to
an action brought by the indorsees against the acceptors
of a bill of exchange, is in effect no more than this,—that
the defendants were defrauded of the bill of exchange, and
that the acceptance was given by them without considera-
tion. Now, inasmuch as the indorsee of a bill of exchange
is by law *prima facie* assumed to hold it for consideration;
inasmuch as we are not to presume a notice which would
make him a fraudulent agent in taking a bill of exchange;
and inasmuch as this plea is silent upon the subject of want
of consideration on the part of the indorsees, or of notice
of the fraud, we are to ask ourselves whether, upon the
transfer of a bill of exchange, the circumstance of the accep-
tor having been defrauded at the time when he gave the
acceptance, is an answer against an innocent indorsee for
a valuable consideration without notice;—it seems to me
that it is not a sufficient answer." In this opinion, the
other judges of the Court concurred. *Bramah* v. *Roberts*,
1 Bingham's New Cases, 469. This is a direct authority
to show, that in cases like the present, the law-merchant
does not admit such defences as the pleas in question
contain.

The defendants' counsel has referred us to the case of
*Heath* v. *Sansom*, 2 Barn. & Adolp. 291, for the contrary
doctrine. That case, it must be admitted, so far as the
proof under the general issue is concerned, is in the defend-
ants' favour. They are also supported by the late case of
*Simpson* v. *Clark*, in the Court of Exchequer, 14 Lond. L.
M. 144, so far as the proof on the subject is concerned.
These two decisions, however, are contrary to the law as
it had been settled by previous adjudications; and we prefer
the doctrine, that in cases like the one before us, the indorse-
ment is to be considered, under the law-merchant, as *prima
facie* evidence that it was made *bona fide* and for value.

It is proper also to observe, that the question as to the form of pleading was not raised in *Heath* v. *Sansom*, or *Simpson* v. *Clark*. But the only question in both related to the evidence; in the former the plea was non-assumpsit; in the latter it was special, and expressly averred that both the note and the indorsement were made without consideration. We have examined several cases on the subject before us, which have occurred since the adoption of the new rules of pleading in *England*, and the pleas in all of them are similar to that in *Simpson* v. *Clark*, and in accordance with the decision of *Bramah* v. *Roberts*. So far, therefore, as respects the form of pleading, none of the *English* cases on the subject sustain the special pleas in the case under consideration (1).

There are no doubt cases, in which the illegality of the consideration of a note or bill of exchange is such, that, by the statute law on the subject, the instrument is void even in the hands of an innocent holder. Chitty on Bills, 105. But these cases are of a very different character from the one before us.

We have thus endeavored to show, that assuming the replication, which sets out the *Ohio* statute, to be admissible, the validity of the special pleas must depend upon that statute; and that by the *Ohio* statute, which is the same on the subject with the law-merchant, those pleas are not sufficient.

The opinion we have expressed on the objections made to the replication, is not material to the case as it is presented by the record. But we have been induced to examine those objections, because they were confidently relied on by the defendants' counsel, and because it may be important to the parties, as respects the future progress of the cause, to know our opinion on the subject.

There is one objection to the replication in question, which is fatal to it on general demurrer. That objection is, that it is a departure from the second count which it professes to support, and to which the special pleas are pleaded. In that count, the plaintiff must be considered as relying on the statute of this state, because he has brought his action here,

and sets out no other law ; but in the replication he changes his ground, and relies on the statute of *Ohio.* That is a departure in pleading. He deserts in his replication the ground, in point of *law,* on which the second count rested the cause; which is as much a departure, as if he had changed his ground ·in point of *fact.* 3 Tho. Co. Litt. 346. 1 Chitt. Pl. 682.—Steph. on Pl. 413. The plaintiff should have shown in the second count, as well as in the first, the statute of *Ohio* under which the note was made. There is the following case on this subject : In covenant against an apprentice on his indenture of apprenticeship, the declaration was in common form, (as at common law). Plea, infancy. Replication, the custom of *London,* (under which an infant may bind himself an apprentice). This replication was held to be a departure. 5 Bac. Abr. 449, 450. The replication in that case, says *Gould,* was a departure, because it abandoned the legal foundation of the suit as laid in the declaration, for another distinct from and independent of it. The plaintiff should have declared on the custom. Gould on Pl. 454. It is also stated in the books that a declaration or plea, asserting a right at *common law,* is not fortified by the subsequent allegation of a right created by *statute ;* but that such subsequent allegation is a departure. 5 Bac. Abr., 1 Chitt. Pl., and Gould's Pl., *supra.*

The demurrer to the replication was, therefore, correctly sustained.

The judgment, however, must be reversed, on account of the error in sustaining the demurrer to the first count.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test,* for the plaintiff.

*J. G. Marshall,* for the defendants.

(1) The rule is, that a want of consideration between· the drawer and acceptor of a bill, is no defence against the right of a third party who has given a consideration for it, and this even though the acceptor has been defrauded by the drawer; if that be not known by such third party before he gives value for it. *The United States* v. *The Bank of the Metropolis,* 15 Peters, 377, 393. Vide, also; *M'Clintick* v. *Johnston et al.,* 1 M'Lean's R. 414. *Glover et al.* v. *Jennings,* 6 Blackf. 10.