JUDGE WOOD
DELIVERED THE OPINION OF THE COURT.:
This was an action in the Lyon circuit court by Smith & Shotwell, the indorsees and holders, against Kelly & Co., the acceptors, upon a bill of exchange, drawn in New Orleans, but payable in Kentucky, at the bank of Louisville, addressed to the drawees at Suwannee Iron Works, Eddyville, Kentucky, and accepted by them, as we must infer, at that place.
The record shows that Smith & Shotwell were the holders of the bill, bona fide, for a valuable consideration, before protest.
■ The defense was, that the bill was drawn in the State of Louisiana, that it was given to the payees as part of the price of a lot of negroes, and that the negroes, so sold and delivered in Louisiana, were guarantied by the act of sale against all the redhibitory vices, maladies, and defects prescribed by law. That several of the slaves were affected by certain of the vices, maladies, and defects thus guarantied against; that some of them were unsound and of- no value; that, by the laws of Louisiana, the vendees of the slaves were entitled to the action of redhibition — that is, the avoidance of the sale on account of the vices and defects in the slaves, or abatement of the price. Fraud in the sale, and in obtaining the bill, was alleged. A failure of consideration was also alleged.
The question is, are these available defenses against the bill in the hands of Smith & Shotwell ?
We hold that the matters alleged do not constitute a good defense to the action of Smith & Shotwell upon the bill. *316 They are innocent holders — holders, bona fide, for a valuable consideration, before notice.
The partial or total failure of consideration, or even fraud between the antecedent parties, will be no defense to the title of a bona fide holder of the bill for a valuable consideration, at ^or before the time it becomes due, without notice of any ^hrmity in the bill. (Story on Bills, secs. 14-188, etpassim.)
\put it is contended that this rule of the common law is altered byrhe Revised Statutes of Kentucky, chapter 22, sec. 6. That section makes assignable “ all bonds, bills, or notes, for money or property,” “so as to vest the right of action in the assignee; but not to impair the right to any defense, discount, or set-off that the defendant has and might have used against the original, or any intermediate assignor, before notice of the assignment to the plaintiff.”
This section does not alter the rule of the common law in reference to bills of exchange. The object of this statute was to make assignable contracts not before assignable. It was not intended to embrace, and does not embrace, bills of exchange. They, from their very nature, are the subjects of indorsement, and have always, from their earliest use, been assignable by the common law. They are in no respect, and for no purpose, within the operation of this section of the Revised Statutes.
This section is not distinguishable, in its terms, from the act of 1798, upon the same subject. Since the passage of that act it has been held by this court, in the case of Early vs. McCart, (2 Dana, 414,) that fraud, or want of consideration, is not available as between the drawer and an innocent indorsee or holder for a valuable consideration, to whom the bill had been transferred before its time of payment had elapsed, or before it had been otherwise degraded or rendered suspicious.
We think it is not to be doubted that this well settled principle of the law merchant remained unchanged by our Revised Statutes.
The Code of Practice (see sec. 58 of Code as adopted March, 1851) expressly excepted bills of exchange, promissory notes placed upon the footing of bills of exchange, common orders *317 and checks, from the operation of that section of the Code, which provided that “ in the case of an assignment of a thing in action, the action by the assignee is without prejudice to any discount, set-ofF, or defense now allowed.”
This provision of the Code, as adopted by the general assembly the 22d day of March, 1851, was not repealed by the adoption of the Revised Statutes, not being inconsistent with each other, inasmuch as bills of exchange are not embraced by the section of the Revised Statutes relied on.
It is insisted that as the contract for the sale of the negroes was made in Louisiana, and the bill of exchange drawn and delivered there to the payee, this case must be decided by the law of Louisiana, and by that law the defense here relied upon would be good.
This position is not tenable, for more reasons than one.
The bill was addressed to Kelly & Co., at the Suwannee Iron Works, Eddyville, Kentucky. In the absence of proof to the contrary, we must infer that the bill was accepted at the place to which it was directed. The contract of acceptance, then, was made in Kentucky, and the laws of Kentucky would therefore govern it, unless the acceptance was given in one-place payable in another, in which case the law of the place where the bill was payable will govern.
But the place of payment and place of acceptance is the same. The acceptance was given in Kentucky, and the contract was to be performed in Kentucky. The bill was payable at the bank of Louisville, which is in Kentucky. This being true, the law of Kentucky will certainly control. (Chitty on Bills, secs. 131 — 158, et passim; Story on Conflict of Laws, sec. 286.)
It is not very material in this case, however, whether Kentucky was the place of acceptance or not, as it was certainly the place where the contract was to be performed. The performance, therefore, of the contract, and the defenses to which it is liable in the hands of an innocent holder, are to be regulated by the laws of Kentucky.
But it is not true that in Louisiana even the matters relied on in the answer in this case would constitute a valid defense *318 ' to an action by an innocent holder of a bill of exchange against the acceptor It has been decided by the supreme court of the United States that the plaintiffs in an action upon a bill of exchange, who were bona fide holders of the paper for value, were not subject to a defense similar to the one relied upon in this case, “ nor to any abatement of the face of the bill, arising out of the transactions between the original parties.” (17 Howard, 11-16, Arthurs, &c., vs. Hart.) This "was a writ of error to the circuit court of the United States for the eastern district of Louisiana.
Another objection taken to the judgment is, that it is for too much, if plaintiffs were entitled to a judgment at all. Judgment was rendered for the principal of the bill, with the interest which had accrued to that time added. This was not erroneous.
Under the old system of pleading, assumpsit was the proper form of action upon a bill of exchange. Upon the trial of such an action, the jury were authorized to find in damages, not only the principal, but the interest whioh had accrued upon the bill to the time of finding the verdict; and judgment might well have been rendered upon the verdict.
This judgment, however, is authorized expressly by sec. 6, chap. 58, title Interest and Usury, p. 420, Revised Statutes: “A judgment or decree may be for the principal and accrued interest ; but if rendered for accruing interest, it shall bear interest only according to its terms.”
We find no error in the record; wherefore, the judgment of the circuit court is affirmed.