CASE 25—PETITION ORDINARY—JUNE 21.

# Spencers vs. Biggs.

APPEAL FROM FLEMING CIRCUIT COURT.

1. It is well settled that the partial or total failure of consideration, or even fraud, between antecedent parties will be no defense to the title of a *bona fide* holder of a bill of exchange for a valuable consideration at or before the time it becomes due, without notice of any infirmity in the bill. (*Story on Bills*, secs. 14, 188, *et passim*; 1 *Metcalfe*, 317.)   This rule of the common law is not altered by either the Revised Statutes, chapter 22, section 6, or by section 31 of the Civil Code.

2. Bills of exchange, from their very nature, are the subjects of indorsement, and have always, from their earliest use, been assignable by indorsement, according to the common law.   They are not within the operation of the statute of 1798, nor of the 6th section of the 22d chapter of the Revised Statutes, nor of section 31 of the Civil Code.

3. A note, negotiable by its terms, payable at the branch of the Bank of Louisville in Flemingsburg, and indorsed to and discounted by the Bank of Ashland, is, by the charter of the latter, placed upon the same footing as a foreign bill of exchange, (*Session Acts* 1855-6, *page* 26,) and where it is taken up by the person who indorsed it to the bank, (if he be an innocent holder,) such an act does not deprive the paper of the character and properties which it possessed in the hands of the bank, and in an action by him against the antecedent parties to the note, no defense thereto, by way of set-off or counter claim, arising out of the contract between such antecedent parties, concerning which the note was executed, can be allowed.

L. W. ANDREWS for appellants.

H. W. BRUCE, on same side, cited *Revised Statutes, page* 193, *chap.* 22, *sec.* 6; *Civil Code, sec.* 31; *Sess. Acts* 1855-6, *pp.* 26, 27.

L. M. COX, for appellee, cited *sec.* 7 *of Act to incorporate the Bank of Ashland, approved Feb.* 15, 1856; 1 *American Leading Cases,* 328, *et seq.*; 3 *Kent, margin* 79, *top* 92, *and notes.*

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

This was an action brought by Biggs, against the Spencers, upon a note negotiable by its terms and payable at the branch of the Bank of Louisville, in Flemingsburg. It was made by two of the Spencers, Richard and William, payable to the other, Zadoc, was indorsed by him to Lion & Bell, by them to the plaintiff Biggs, and by him to the Bank of Ashland, and it was discounted by said bank. It was not paid at maturity, but was protested for non-payment. Subsequently it was taken up from the bank, and at the time the action was commenced Biggs was the owner and holder thereof.

The defendants filed an answer of two paragraphs.

The gist of the first paragraph is the denial of any knowledge that the note sued on had ever been discounted at the Bank of Ashland, or of any knowledge or information thereof sufficient to form a belief.

The second paragraph states the consideration upon which the note was executed, and sets forth specifically the contract, of which this note forms part, made with Lion & Bell, for whom, they allege, that the note was in fact originally made, and allege breaches by Lion & Bell of their contract in many particulars, by which defendants say they have suffered damage, and these matters are pleaded and relied upon as set-off and counter claim.

To this answer, and each paragraph thereof, plaintiff demurred.

The demurrer was sustained to the first paragraph as to the two defendants who were the makers of the note, and overruled as to the other defendant, who was payee and indorser thereof.

As to the second paragraph, the demurrer was overruled.

The action of the circuit court, in sustaining the demurrer to the first paragraph of the answer, so far as the makers of the note were concerned, is the first matter relied upon by appellants for error.

It is obvious that there was no error in that. The matters stated in that paragraph, or, to speak more accurately, the denials of the paragraph, were not sufficient to constitute a

defense to the action in behalf of the makers of the note. It made no difference as to their liability whether the note had been discounted or not, if no more was true than what was stated in that paragraph. As to them, there was no material issue tendered.

If, however, there was error in sustaining the demurrer, it cannot now be complained of, because it was cured by subsequent proceedings. There was a joint amended answer filed by all of the defendants, and the same matter precisely was alleged in that which had been pleaded in the first paragraph of the original answer. To the amended answer there was neither exception nor demurrer.

The other errors alleged by the appellants relate to the rejection by the circuit court of all the evidence offered by them to sustain their defense and counter claim.

Whether the circuit court erred in rejecting such evidence or not, will be determined by deciding the question made as to the character of the paper sued on. Was it, in the hands of Biggs, upon the footing of a foreign bill of exchange? If it were, then the appellee, being an innocent holder of the paper, for a valuable consideration, before notice, none of the matters alleged in the answer were a defense to his action. It is well settled that partial or total failure of consideration, or even fraud between antecedent parties, will be no defense to the title of a *bona fide* holder of a bill for a valuable consideration, at or before the time it becomes due, without notice of any infirmity in the bill. (*Story on Bills, secs.* 14, 188, *et passim; Kelly & Co. vs. Smith & Shotwell,* 1 *Metcalfe,* 317.)

Nor is this rule of the common law altered, as seems to be supposed by the counsel of appellants, by either the Revised Statutes, (*chapter* 22, *sec.* 6,) or by section 31 of the Civil Code.

The section of the Revised Statutes cited is a substantial re-enactment of the provisions of the act of 1798 upon the same subject—the object of both being to make certain contracts assignable which were not so by the common law. Neither was intended to embrace bills of exchange. They, from their very nature, are the subjects of indorsement, and

have always, from their earliest use, been assignable by indorsement according to the common law. They are not within the operation of either the statute of 1798 nor the 6th section of the 22d chapter of the Revised Statutes. (*Early vs. McCart*, 2 *Dana*, 414; *Kelly vs. Smith & Shotwell, supra.*)

Section 31 of the Civil Code, by its very terms, "does not apply to bills of exchange, nor to promissory notes placed upon the footing of bills of exchange, nor to common orders or checks."

But it is contended by the counsel of appellants that the note, having been taken up from the bank by appellee, after it had been negotiated and discounted at the bank, is no longer upon the footing of a foreign bill of exchange.

We are satisfied that this position is not tenable.

The 7th section of the "act to incorporate the Bank of Ashland," (*Laws of Kentucky*, 1855-6, *p.* 26,) invests said bank with power and authority to discount promissory notes, and provides that promissory notes made payable to any other person or persons, and payable and negotiable at the principal office of discount and deposit, or branch of said bank, or at any other bank, and indorsed to and discounted by said bank, are by the act put upon the same footing as foreign bills of exchange, and the same remedies are given upon such notes as were allowable upon bills of exchange.

It is apparent from the record that the note sued on had been indorsed to and discounted by the Bank of Ashland.

At the very moment it was so discounted, it was, by the charter of the bank, invested with the nature and properties of a bill of exchange.

The act does not provide that these properties shall be changed or lost afterwards, if the bank indorse the paper to some one else, or if it is taken up by the indorser to the bank. Such an act does not deprive the paper of the character and properties which it possessed in the hands of the bank. The impress which was stamped upon it by law at the instant of its discount remains unchanged, although the note may find its way again into the hands of the person who indorsed it to the bank, provided that such person be an innocent holder.

Any one who receives it from the bank is substituted to all of the rights and remedies which the bank had whilst the holder of the note.

It makes no difference that the note was payable at the branch of the Bank of Louisville. The law expressly embraces notes "payable at any other bank."

The note sued on being upon the footing of a foreign bill of exchange in the hands of appellee, none of the matters alleged in the answer could be used as a defense to his action.

All the evidence tending to establish the defense made by appellants was properly rejected.

There is no error in the judgment of the circuit court. Wherefore, said judgment is *affirmed*.