### TYLER PARSONS *vs.* ISAAC P. SMITH & another.

A sale by a town of all the seaweed that may land on the town's beach for one year gives to the purchaser no such possession of the beach as to entitle him to maintain an action for breaking and entering his close, against one who may enter upon the beach and remove seaweed therefrom.

TORT for breaking and entering the plaintiff's close.

At the trial in the superior court, before *Ames,* J., it appeared that the close in question was a part of Lobster Cove, so called, in Manchester, which the town claims to own in fee. At the annual town meeting of the inhabitants of the town of Manchester, in March 1860, the following votes were passed, viz: "1. That the muck that may land on the town's beaches the ensuing year be sold at auction to the highest bidder, and tha* the town protect and defend the purchaser from all costs

and expenses, in case such person shall be prosecuted for taking away such muck, under the direction of the selectmen. 2. That the terms of the sale of the muck that may land on the town's beaches be cash on the delivery of the lease. 3. That all persons who may purchase the muck that may land on the town's beaches be authorized to prosecute any person who may take away any such muck by trespass, at the expense of the town."

Agreeably to the foregoing votes, the selectmen of Manchester, on the 28th day of March 1860, sold to the plaintiff all the muck that might land on the town's beach at Lobster Cove for the sum of twenty-five dollars, for the term of one year from the first day of April 1860.

The plaintiff testified that he afterwards sold the right to take the muck to one Cobb, but "the right was to go in the plaintiff's name."

The judge, upon this evidence, directed a verdict for the defendants, which was accordingly rendered; and the plaintiff alleged exceptions.

*S. H. Phillips & J. A. Gillis,* for the plaintiff.

*J. C. Perkins,* for the defendants.

METCALF, J. This action of tort for breaking and entering the plaintiff's close can be maintained only upon evidence which, at common law, would support the action of trespass *quare clausum fregit.* Gen. Sts. *c.* 129, § 81. And we are of opinion that by that law he could not maintain such action. At the time of the alleged breach and entry of the beach, he had neither exclusive possession thereof, nor any exclusive separate right in the soil. See 3 Steph. N. P. 2633; 2 Saund. Pl. & Ev (2d ed.) 1126, 1128.

Assuming that the town of Manchester owned the beach, the plaintiff acquired, by purchase from the town through its selectmen, a right to the sea manure that might "land" on the bea h during the year next after the first day of April 1860. But he acquired no interest in the land. He acquired only a right to the manure that might be thrown thereon, and a license to enter for the purpose of securing it and taking it away. He needed no exclusive right in the land, nor any separate interest in it,

in order to obtain the full benefit of his purchase. Hence his case differs essentially from *Wilson* v. *Mackreth*, 3 Burr. 1824; *Tompkinson* v. *Russell*, 9 Price, 287; *Crosby* v. *Wadsworth*, 6 East, 609, and *Clap* v. *Draper*, 4 Mass. 266, cited by his counsel.

There are numerous decisions that a contract for the sale of growing trees, or growing annual crops, to be severed from the land by the purchaser, does not convey any interest in the land. *Whitmarsh* v. *Walker*, 1 Met. 313. *Claflin* v. *Carpenter*, 4 Met. 580. *Nettleton* v. *Sikes*, 8 Met. 34. *Dunne* v. *Ferguson*, Hayes, 540. Chit. Con. (7th Amer. ed.) 302, 303. 1 Greenl. Ev. § 271. *A fortiori* a contract for the sale of sea manure, which is not the product of the land, but is a mere chattel deposited thereon, conveys no interest in the land.

The plaintiff's contract with the town closely resembles a grant of wreck of the sea, which does not convey an ownership of the soil of the shore. " It is not necessary, in order to make the grant of wreck perfect, that more should be conceded than egress and regress." Hall on Sea-Shores, 89, 90. See also *Anonymous*, 6 Mod. 149.

The gist of this action is the breaking and entering of the plaintiff's close. As he has failed to prove that the close was his, he cannot recover damages for the taking and carrying away of the manure, even on proof that it was his property. *Eames* v. *Prentice*, 8 Cush. 337. But if the action were only for such taking and carrying away, he could not maintain it; for he has sold his right to another.            *Exceptions overruled.*