### JAMES T. ROBINSON, Judge of Probate, *vs.* DAVID C. MILLARD & others.

Berkshire.    Sept. 12. — 22, 1882.    ENDICOTT, LORD & FIELD, JJ., absent.

The sureties on a general bond given by an executor, who has also given a special bond with sureties to account for, and dispose of according to law, the proceeds of a sale, under a license of the Probate Court, of the real estate of his testator, remaining after payment of debts, legacies and charges of administration, are not liable for the neglect of the executor to pay over to the residuary legatees entitled thereto the balance of the proceeds of such sale, although the executor charges himself in his general account with the whole of such balance.

CONTRACT, for the benefit of the residuary legatées under the will of Joshua L. Millard, upon a bond given to the Probate

Court by the executors of the will, and containing the usual conditions. Trial in this court, before *W. Allen*, J., who reported the case for the determination of the full court, in substance as follows:

The final account of the executors was allowed March 22, 1880, and there remains in their hands, as appears from said account, the sum of $7381.10 to be divided among the residuary legatees, which they neglect to pay over.

The records of the Probate Court, if competent for the purpose, show that, upon the petition of the executors, representing that it was necessary to sell real estate of the testator to raise the sum of $1715 to pay debts of the testator, that it was necessary therefor to sell a part or the whole of the home farm, which was appraised at $12,200, and that by a sale of a part thereof the residue would be greatly injured, and praying that they might be licensed to sell the whole thereof, they were duly licensed to sell the whole of said home farm; that they gave a bond which was required in the order licensing such sale, with sureties, in the sum of $15,000, conditioned that they "should account for, and dispose of according to law, all proceeds of the sale remaining after payment of debts, legacies and charges;" that they sold the whole of said real estate under the license, for the sum of $11,000; that they charged themselves in their general account with the whole of said sum; and that the balance of $7381.10, above mentioned, being the whole residue of the estate, is wholly the proceeds of said sale remaining after the payment of debts, specific legacies and charges of administration.

This evidence was offered by the defendants, and objected to by the plaintiff. The judge admitted the evidence, and found the facts stated to be true; and found for the defendants, upon the ground that the neglect to pay over the proceeds of the sale of the real estate remaining after the payment of the debts and charges was not a breach of the condition of the bond in suit.

*B. Palmer & H. C. Joyner*, for the plaintiff.

*J. Dewey*, for the defendants.

DEVENS, J. The question is here presented as to which class of sureties are responsible for the misconduct of the executors of

the will of Joshua L. Millard, who, having been authorized to sell more of the real estate of the testator than was necessary for the payment of debts, now neglect, after payment of debts, specific legacies and charges of administration, to pay over to the residuary legatees entitled thereto the balance of the proceeds of said sale.

When the bond in suit was made, the executors were required to administer, according to law and the will of the testator, all his goods, chattels, rights and credits, and the proceeds of all his real estate that might be sold for the payment of his debts or legacies which should come to their possession, and to give bond accordingly. Gen. Sts. *c.* 98, § 7. The general bond, upon which it is now sought to render the sureties responsible, followed this form. When the executors were licensed to sell real estate more than was necessary for the payment of debts and charges, which might be done in the discretion of the Probate Court, they were required to give a special bond, with sureties, conditioned to account for and dispose of according to law all proceeds of the sale remaining after payment of the debts and charges. Gen. Sts. *c.* 102, § 6.

The balance in the hands of the executors consists wholly, as the fact is found by the presiding judge, of the proceeds of real estate, thus allowed to be sold, remaining after such payment. It is obvious that the second bond is not intended as additional security for the first, but that it concerns a different subject matter, in dealing with the estate of a deceased person, and therefore that the two bonds may well coëxist as securities for distinct liabilities. The sale of real estate, so far as it exceeds the amount required for the payment of debts and charges, is permitted, because the real estate which is required for the purposes of administration may be so united with that which should go to the heir or devisee that they cannot be separated except by converting the whole into money. While the proceeds of such a sale, so far as they are needed for the payment of debts and charges, were to be accounted for by the executors under their general bond, the surplus constituted a fund to be accounted for and disposed of according to law under this special bond, and such is its condition. *Bennett* v. *Overing*, 16 Gray, 267.

It was not, in the present case, a disposition of this surplus according to law, to transfer it to the general account of the executors, nor could the sureties upon the general bond be thus rendered responsible for a liability properly incurred by the sureties upon the special bond.   The terms of the general bond, which limited the responsibility of the sureties thereon to the proceeds of real estate sold for the payment of debts or legacies, could not be thus extended.   It has been held that, even if the allowance of a guardian's account conclusively settles that he is chargeable with the whole balance apparently due, it is not conclusive upon the question which class of sureties are responsible for his failure to do with that balance what his duty required. This must depend upon the source from which the money thus charged against him was derived.   *Lyman* v. *Conkey*, 1 Met. 317. *Mattoon* v. *Cowing*, 13 Gray, 387.   The fact, therefore, that the executors here saw fit to charge themselves in their general account with the balance remaining after payment of debts, legacies and charges, does not conclude the sureties under the general bond. Where one may rightfully hold a sum of money or other property in either of two capacities, his own election may determine, even as against sureties, in which capacity he thus holds it; but such case is readily distinguishable from the present.

It is contended further, that, as this action is brought on behalf of the residuary legatees and devisees, all the money derived from the sale of the land might properly have been paid over to and held by the executors under their general bond; and that the failure to pay over this money to them is therefore a breach of this bond.   But the only legacies for the payment of which the real estate could be sold were those which were definite in their character, and the only money derived from the sale of the real estate for which the sureties upon the general bond were responsible, was that received therefor.   The residuum of an estate is not a part of it to be administered, but what remains after administration, properly so called, is concluded.   The disposition according to law required by the special bond was the transfer, after administration had been completed, so far as it related to debts, legacies and charges, of the balance which remained to be accounted for to those then entitled thereto by the will.

*Judgment affirmed.*