AARON ALDRICH *vs.* JAMES M. ALDRICH & another.

Worcester.   Oct. 9, 1882. — June 21, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

The defendant agreed in writing to convey to the plaintiff "a certain parcel of real estate situated in D., known as the A. farm, and bounded as follows, namely, as is bounded in a deed from" a person named to the defendant.   On a bill in equity for specific performance, it appeared that the deed to the defendant included seven parcels of land separately described, none of which was designated in the deed as the A. farm; that A. died, many years before, seised of land which included six of the seven parcels; that three of these formed part of his homestead, and the other three were about a mile off, and that the seventh parcel was not shown to have belonged to A.; that the deed to the defendant was made at the request of the plaintiff, and for his benefit, he paying part of the consideration; and that the defendant paid the remainder of the consideration, and orally promised the plaintiff, upon the payment of this sum and interest, to convey the premises to him, and to give him a bond for a deed.

*Held,* that these facts were admissible in evidence; and that the defendant was bound to convey all the land conveyed to him by the deed of the third person.

C. conveyed to J. " a tract of land called the T. lot, and described in two deeds, one from A. to S., dated June 23, 1862, and recorded book 656, page 145, the other in a deed from said S. to said A., and dated October 17, 1862, and recorded book 665, page 564." At the time of the conveyance, C. owned six acres of the T. land, which was wild land. It had been conveyed to her in two parcels, which abutted on each other, with no fence between them. C.'s title to the first parcel was by deed from A. to S., dated June 23, 1862, and recorded book 656, page 145, and by deed from S. to C., dated October 17, 1862, and recorded book 655, page 564. C.'s title to the second parcel was by deed from A. to C., dated June 23, 1862, and recorded book 656, page 146. *Held,* that both parcels passed by the deed of C. to J.

W. ALLEN, J.  This bill in equity alleges that the defendant Aldrich purchased certain land, and took a conveyance thereof, at the request and for the accommodation of the plaintiff, with the verbal agreement that the plaintiff should occupy the premises; and that the defendant Aldrich thereupon gave to the plaintiff a written agreement to convey the land to him upon the performance of certain conditions; and asks for a decree for specific performance and for damages.

The agreement is contained in the condition of a bond given by said defendant to the plaintiff, and the material part of it is in these words: " Whereas the said obligor has agreed to sell and convey unto the said obligee a certain parcel of real estate situate in Douglas, known as the Aaron Aldrich farm, and bounded as follows, namely, as is bounded in a deed from Luther and Betsey Cragin to J. M. Aldrich." The evidence shows that the plaintiff has tendered performance of all that was to be performed by him, and is entitled to a decree. The only other questions made are in respect to what lands are included in the agreement.

The deed referred to included seven parcels of land separately described, none of which were designated in the deed as the Aaron Aldrich farm; and the first question is, whether the agreement includes all the land described in the deed, or but a portion of it.

Aaron Aldrich, the grandfather of the parties to this suit, died in 1809, seised of real estate which included all but one parcel of the land in question. His homestead, or home farm, as it was called, consisted of about forty acres, and included the

three parcels first described in said deed, which lie contiguous to each other and contain in all about sixteen acres, and upon which are the farmhouse and buildings. He also owned about fifty acres of pasture and woodland lying about a mile from the homestead, and called the Ball Hill land, which included the three parcels next described in said deed. These three parcels contain about sixteen acres. Since the death of Aaron Aldrich there have been partitions among his children, and the heirs of his children, of both the home farm and the Ball Hill land, and conveyances of portions of them have been made. It does not appear when, or under what circumstances, Betsey Cragin, who conveyed to the defendant, and who was the sister of the plaintiff, acquired title to the homestead and Ball Hill lots in question. They were known as part of the farm of Aaron Aldrich. The seventh parcel described in the Cragin deed was called the Thompson land, and the title to it is traced no farther back in the evidence than to a deed from Paul White and his wife, who was the mother of Mrs. Cragin, to the plaintiff, of about twenty-three acres of land, by the terms of which he was to convey three acres of the land by measurement to each of his sisters Sarah Aldrich and Betsey Cragin. He conveyed accordingly, and the land so conveyed by the plaintiff is, or includes, the lot in question. This land is situated about a mile from the homestead, and about half a mile from the Ball Hill land, and is " sprout land," and, at the time of the Cragin deed, was not and has not since then been occupied or improved by any one.

It also appears that the conveyance from Betsey Cragin to the defendant Aldrich was made at the request and for the benefit of the plaintiff; that he had lived upon the place for nearly fifty years, and desired to purchase it from her, and paid part of the consideration in a note which he held against her; that the defendant Aldrich assisted him in making the purchase, and advanced for him $500 of the purchase money, and took the deed to himself under the agreement that, upon the payment of that sum and interest, he would convey the premises to the plaintiff, and that he would give a bond so to do. About two years after the conveyance, and in conformity with the understanding when he took it, he gave to the plaintiff the

bond which contains the agreement upon which the bill is brought.

These facts are found by the master, and shown by the evidence, and are competent to aid in the construction of the agreement. The use of the word "parcel" in the agreement cannot affect its construction, because no one parcel mentioned in the deed will answer the description "known as the Aaron Aldrich farm." The agreement is to be construed as if it read "certain land known as the Aaron Aldrich farm, and bounded as in a deed," &c. There is nothing to indicate, in the deed referred to, that one or more of the parcels were known or intended as the Aaron Aldrich farm. If extraneous evidence should show that a part of the lands bounded in the deed would answer that description, it would be a question whether the parties intended only the lands coming within that designation, or all the lands described in the deed, — whether they meant "so much of the land described in the deed as is known as the Aaron Aldrich farm," or "the land known as the Aaron Aldrich farm, being the lands described in the deed." If the agreement is to be construed as if the description in the deed were incorporated into it, it would seem to include all the land within the description. But whatever ambiguity there may be in the agreement itself, the evidence as to the subject matter, the situation of the parties, and the circumstances under which the agreement was made, make the meaning of the parties plain, without considering the evidence of their declarations, which was objected to, and has not been regarded by us. We think that the defendant Aldrich was bound by the agreement to convey all the land described in the Cragin deed.

The other question relates to what lands are included in the Cragin deed. The description of the seventh parcel mentioned in that deed is as follows: "Also one other tract, called the Thompson lot, and described in two deeds, one from said Aaron to said Sarah, dated June 23, 1862, and recorded in book 656, page 145, and the other in a deed from said Sarah to said Aaron, and dated October 17, 1862, and recorded book 665, page 564." There was no deed answering the description of the one last mentioned, and the defendants contend that only the land described in the deed from Aaron to Sarah Aldrich was conveyed

to the defendant Aldrich by the description of the Thompson lot in the Cragin deed.

Betsey Cragin, at the time of her deed to the defendant Aldrich, owned six acres of the Thompson land, which had been conveyed to her in two parcels of three acres each, one by deed from Sarah Aldrich, dated October 17, 1862, and recorded in book 655, page 564, and which was the same parcel conveyed to said Sarah by the plaintiff by the deed first mentioned in the description of the lot in the Cragin deed, and the other by deed from the plaintiff dated June 23, 1862, and recorded in book 656, page 146. The defendant contends that this deed from Sarah Aldrich to Betsey Cragin must be taken to be the one referred to in the Cragin deed as a deed from said Sarah to said Aaron, and that both deeds refer to the same parcel, and limit the description of the Thompson lot to that parcel. The two parcels were contiguous to each other, were wild land, and, as the master properly found upon the evidence, there was no fence between them; Betsey Cragin had owned them for more than ten years, and they were all that she owned of the Thompson land. By the words "one other tract, called the Thompson lot, and described in two deeds," the grantor plainly meant the tract of six acres which she owned, and the description of which was to be found in two deeds. The fact that she intended to refer to both deeds and failed to do so, while it makes the description less full, can raise no doubt as to her intention; and that is so plain that we cannot think that the only mistake made was that suggested by the defendants, the substitution of the name Aaron for Betsey as grantee in the reference to the last deed. We think, therefore, that the six acres of the Thompson land passed by the Cragin deed to the defendant Aldrich, and that he was bound by the agreement to convey to the plaintiff all the land that passed by that deed.

The defendant Thomas took her deed subject to the rights of the plaintiffs; and the decree which requires the defendants to convey to the plaintiff such of the land as remains in their control, and the defendant Aldrich to be held responsible for the value of such as he has conveyed beyond his control, must be

*Affirmed.*

*W. Gaston & C. G. Keyes*, for the defendants.

*B. W. Potter*, for the plaintiff.