AMASA P. JOHNSON & another *vs.* JOHN H. WILKINSON.

Suffolk. Nov. 12, 1884. — Feb. 27, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

The owner of a building, in which there was a hall, agreed orally with A. to permit him to use the hall for dancing parties on the afternoons of four holidays named, at a stipulated price for each afternoon. *Held,* that the contract was for a license, and not for the sale of an interest in land, within the statute of frauds; and that A. could maintain an action against the owner of the building for a breach of the contract.

CONTRACT for the breach of an oral agreement to allow the plaintiff the use of a hall in Chelsea, in a building owned by the defendant. Trial in the Superior Court, before *Gardner,* J., who directed a verdict for the defendant, and reported the case for the determination of this court. The facts appear in the opinion.

*F. S. Hesseltine,* for the plaintiff.

*G. M. Stearns,* for the defendant.

MORTON, C. J. There was evidence tending to show that the defendant, who was the owner of a hall, entered into an oral contract with the plaintiff, by which he agreed to permit the plaintiff to use the hall for dancing parties on the afternoons of four holidays, Thanksgiving, Christmas, Washington's Birthday, and Fast day, at a stipulated price for each afternoon. The Superior Court directed a verdict for the defendant, upon the ground that this contract was within the statute of frauds, being a contract for the sale of an interest in land. Pub. Sts. c. 78, § 1, *cl.* 4. The question is, whether it was such a contract, or merely a contract for a license to the plaintiff to enter and use the hall for the purpose contemplated.

A license is a permission or authority to enter the land and do certain acts, or series of acts, the parties not intending to convey any interest in the land · and it is well settled that such a license need not be in writing, under the statute of frauds. Thus a license to enter land and to cut timber, or to gather the growing crops, is valid, though not in writing. *Whitmarsh* v. *Walker,* 1 Met. 313. So an agreement for a seat in a theatre, or other place of amusement, is a license merely.

*McCrea* v. *Marsh*, 12 Gray, 211. ◦ *Burton* v. *Scherpf*, 1 Allen, 133. So, ordinarily, an agreement for lodgings in a hotel or boarding-house, though the rooms the boarder is to occupy are designated, does not create an interest in land, but is merely a license. *White* v. *Maynard*, 111 Mass. 250.

In the case before us, it seems to us that the contract has the elements of a license rather than of a contract for the sale of any interest in land. The use of the hall by the plaintiff was not to be continuous, but only occasional, and for a few hours on four separate days. He was not to have the exclusive occupation and control of it; the key was never delivered to him, but remained with the defendant, who, on the afternoons it was occupied under the contract, opened, lighted, and closed it. We think the defendant would remain all the time in the legal possession of the land; that the plaintiff was to occupy it merely as licensee, and would acquire under the contract no interest in the land. It is like the ordinary case of hiring a hall for a night, which does not create a lease, but the hirer occupies under a license.

Regarding the contract in this case as a contract for a license, it is true that the defendant had the power to revoke the license, and the plaintiff could not compel the defendant to give him the use of the hall. But if, in revoking it, the defendant violated his contract, he is responsible for any damages sustained by the plaintiff by reason of such breach of contract. *McCrea* v. *Marsh*, and *Whitmarsh* v. *Walker*, *ubi supra*.

                              *Judgment for the plaintiff.*