ERNEST R. BUFFINGTON *vs.* WILLIAM T. McNALLY & trustee.

Suffolk.   March 28, 1906. — May 31, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Contract.   Evidence.   Agency.   Practice, Civil,* Parties.

In an action for alleged breach of a contract in writing to hire a certain hall from the plaintiff for Saturday nights from October 10, 1903, to June 1, 1904, inclusive, it appeared that the defendant signed the following agreement in writing: " September 25, 1903.   I do hereby agree to hire Armory Hall for Saturday nights commencing October 10th, to run socials from 8 to 11.30 and conduct same in satisfactory manner according to law, etc.   I hereby place a deposit of $10 to bind the bargain and agree to deposit $50 the 15th day of October. Said $50 to remain as a deposit on the hall until June 1, 1904.   Price of hall to be $15 each night including the check room.   Payable balance ($5) October 10th and $15 each Saturday night thereafter.   If necessary, to hire an officer at my expense."   The plaintiff was allowed to testify, against the objection of the defendant, that when the defendant signed the agreement the plaintiff told him orally that he would let the hall to him for the season and that the defendant stated that he wanted to take the hall for the season, and was allowed to testify further that the season for the letting of such halls lasted until the end of May.   *Held,* that the evidence was admitted properly to explain the ambiguous terms of the contract.

An agent may sue on an agreement in writing made by him in his own name in behalf of an undisclosed principal.

If an agent suing on a contract made by him in his own name in behalf of an undisclosed principal describes himself in his writ as agent, this designation does not affect his right to recover in his own name or make admissible evidence offered by the defendant to show that the contract was that of the undisclosed principal.

An agreement to hire a hall on Saturday night of each week during a season lasting to a certain date, which has been accepted by the acts of the person authorized to furnish the use of the hall and during a part of the season has been performed by both parties, is binding on both of them for the whole of the season, and the obligation to pay for the hall is not confined to its use and occupation.

CONTRACT, for the alleged breach of an agreement in writing, quoted in the opinion, to hire of the defendant a certain hall called Armory Hall, in that part of Boston called Roxbury, for Saturday nights from October 10, 1903, to June 1, 1904, inclusive ; further alleging a special oral agreement for the use of the hall on Christmas, 1903, and February 22, 1904.   Writ in the Municipal Court of the City of Boston dated June 13, 1904,

the plaintiff being named in the writ as "Ernest R. Buffington, agent."

On appeal to the Superior Court the case was tried before *Hardy*, J., without a jury.

The defendant admitted signing and delivering to the plaintiff the agreement in writing, a copy of which was annexed to the plaintiff's substituted declaration, and also admitted hiring the hall by an oral agreement for the holidays charged for in the declaration at the price therein named. It was agreed by the parties that the defendant occupied the hall on Saturday evenings beginning October 10, 1903, and continuing up to February 22, 1904, and thereafter did not occupy or use the hall at all.

The plaintiff testified that, at the time the defendant signed the agreement in writing, the plaintiff stated orally to the defendant that he would let the hall to him for the season, and that the defendant stated that he wanted to take the hall for the season, and the plaintiff testified that the season for the letting of such halls lasted to the last of May, and that at the time of such letting he looked at the calendar to see when the last Saturday of May came. The judge admitted this evidence against the defendant's objection and exception.

The plaintiff also offered evidence tending to show that he kept the hall ready for the defendant's use, was willing he should use it, and so notified the defendant.

It was admitted by the parties that the defendant had paid the plaintiff in full for every evening on which he had occupied or used the hall, except the evening of February 13, 1904, and as to the last named evening the defendant testified that he had paid $10 in cash on account thereof, and had given a note for $5 for the balance, which note was produced by the plaintiff at the trial in response to a demand by the defendant for its production, and which was still in possession of the plaintiff. The defendant testified that he did not agree to take the hall for a season ending the last of May, and further testified that the plaintiff complained to him that he was conducting dances in the hall in a manner not at all satisfactory to the plaintiff, and further testified that on February 22, 1904, the plaintiff notified him that he could not have the hall after that date, and that this was the reason why he did not use it longer. The

defendant further testified, and this was admitted by the plaintiff, that he deposited $50 with the plaintiff on October 16, 1903, in accordance with the terms of the agreement in writing, which deposit was at the time of the trial in the plaintiff's hands.

The defendant also testified, and this was not denied by the plaintiff, that the plaintiff never asked him in any way to pay anything after February 22, 1904, and never sent him a bill of any kind, but that the first demand made upon him was the bringing of this action and the attachment of his funds in the city's hands. The defendant admitted that he had never before the bringing of this action demanded back his deposit of $50 from the plaintiff.

The defendant offered evidence to show that the plaintiff was not the owner of the building in which the hall was situated, but that during the time from October 10, 1903, to June 1, 1904, he was only an agent to manage the hall and collect the rents, and contended that therefore he could not bring this action in his own name. Upon objection by the plaintiff the judge excluded this evidence and offer of proof and ruled that the evidence offered was not admissible. To the exclusion of this evidence the defendant excepted.

This was all the evidence material to the issue. At the close of the evidence and before the arguments were begun the defendant requested the judge to rule as follows:

1. That the written contract or paper set forth in the plaintiff's declaration does not provide for a letting of the hall for any specified time, and that the defendant cannot be held liable on this writing for rent, or for use and occupation, of the hall for any period, or days, when it was not used by the defendant.

2. That the writing set out in the plaintiff's declaration relates to an interest in and concerns real estate as provided in R. L. c. 74, § 1, cl. 4, and, such writing not providing for a letting of the hall for any specified time, this action by reason of clause four cannot be maintained for any period or time during which the defendant did not use or occupy the hall.

3. Upon all the evidence in this case, this action cannot be maintained.

4. Under the evidence in this action, the action cannot be maintained in the name of the plaintiff.

The judge refused to rule as requested, and found for the plaintiff in the sum of $211.97, and for the defendant in set-off in the sum of $52.99. The defendant alleged exceptions.

*W. B. Orcutt*, for the defendant.

*C. T. Cottrell*, for the plaintiff.

BRALEY, J. This is an action of contract to recover under the first count damages for breach of the following written agreement signed by the defendant: "September 25, 1903. I do hereby agree to hire Armory Hall for Saturday Nights Commencing Oct. 10 to Run Socials from 8 to 11.30 & Conduct same in satisfactory manner according to law etc — I hereby place a deposit of Ten ($10) Dollars to bind the bargain & agree to deposit ($50) Fifty Dollars the Fifteenth day of October — Said fifty dollars to remain as a deposit on the hall until June 1st, 1903 [1904] — Price of hall to be Fifteen ($15) Dollars each night including the check room — Payable balance ($5 dollars) Oct. 10th & fifteen dollars — each Saturday night thereafter. If necessary to hire an officer at my expense." And under the second count for breach of an oral agreement relating to the use of the hall on two holidays during the period covered by the first contract. In the Superior Court the presiding judge, before whom the case was tried without a jury, having found for the plaintiff, it is before us on the exceptions of the defendant, which refer solely to the first count.

Treating the contract at its inception as unilateral, upon acceptance it became binding upon both parties. *Bishop* v. *Eaton*, 161 Mass. 496. The first question raised is that no period of time being specified parol evidence that the hiring of the hall was for the season, which ended June 1, 1904, was inadmissible. The time named is an impossible date as it refers only to the past, but the whole instrument indicates that the hiring was intended to be for a definite term, and as the contract thus became of doubtful meaning the attendant circumstances may be shown to aid in its interpretation. *Stoops* v. *Smith*, 100 Mass. 63, 66. Assuming that upon the evidence the second recital of "1903" was found by the trial court to be intended by the parties for the year 1904, no definite term is fixed during which the defendant could exercise the right for which he bargained, even if the deposit was to remain in the possession of the plaintiff as

security for the rental until this date. It is true that resort cannot be had to oral evidence in order to vary or contradict what the parties have expressed by their written agreement, but this rule does not include such testimony when offered by way of explanation of a latent ambiguity, and in proof of the subject matter that must have been within the contemplation of the parties, but not clearly expressed in the writing. *Hebb* v. *Welsh*, 185 Mass. 335, 336, and cases there cited. *Stoops* v. *Smith, ubi supra*. The parties must have intended that the occupation of the hall by the defendant included a definite number of Saturday evenings ending at the time named, but they failed expressly to set this forth, and no denial of the fact that the defendant availed himself of the provisions of the contract until February, 1904, was made at the trial. Under these conditions, and in aid of its construction, the testimony of the plaintiff that he stated when the contract was executed that the letting was for the season, to which the defendant assented, was competent, not as enlarging the agreement, but to identify the time which they intended to cover. *Stoops* v. *Smith, ubi supra*. From this evidence, although denied by the defendant, it could have been found that both understood the term used in the same sense, and it would follow that the plaintiff's subsequent definition of "season," that it meant a period expiring the last Saturday of the following May also was admissible. *Stoops* v. *Smith, ubi supra*. *Aldrich* v. *Aldrich*, 135 Mass. 153, 157. *Hebb* v. *Welsh, ubi supra*.

Whatever confusion there may have been in some of the earlier cases, it is settled by *Colburn* v. *Phillips*, 13 Gray, 64, in which they are reviewed, "that where a contract, not under seal, is made with an agent in his own name, for an undisclosed principal, either the agent or the principal may sue upon it," and since then in this jurisdiction this has been the law. *Borrowscale* v. *Bosworth*, 99 Mass. 378, 383. *Rhoades* v. *Blackiston*, 106 Mass. 334, 335. *Terry* v. *Brightman*, 132 Mass. 318. See *Cushman* v. *Snow*, 186 Mass. 169, 173, 174. But as either could sue on the contract if broken, the defendant's offer of proof of an undisclosed principal was rightly excluded, as this evidence was immaterial. The plaintiff having executed the contract on his part, the defendant's promise rested on a sufficient consideration. *Colburn* v. *Phillips, ubi supra*. In the

writ the plaintiff described himself merely as agent, without further description, and from this designation it also is contended that the evidence should have been admitted, but this admission may be treated as a designation only, and because unnecessary his right to recover in his own name remained unimpaired. *Silver* v. *Jordan*, 136 Mass. 319. See *Simonds* v. *Heard*, 23 Pick. 120, 126 ; *Plimpton* v. *Goodell*, 126 Mass. 119, 120.

The first and fourth requests, " That the written contract or paper set forth in the plaintiff's declaration does not provide for a letting of the hall for any specific time, and that the defendant cannot be held liable on said writing for rent, or for use and occupation, of said hall for any period, or days, not used by the defendant," and that " Under the evidence in this action, said action cannot be maintained in the name of the plaintiff," therefore, were properly refused. The second request, which also was refused, that the contract concerned an interest in real property and was within the provisions of R. L. c. 74, § 1, cl. 4, not having been argued, must be treated as waived.

It is further suggested that the agreement itself, being incomplete, is to be considered as nothing more than an offer to hire which never became a completed contract,* but the proposal having been accepted, and the consideration furnished by the plaintiff, and also having been presently executed by the defendant exercising the privilege or license conferred, this argument cannot prevail. *Johnson* v. *Wilkinson*, 139 Mass. 3.

After February 22, 1904, although the defendant did not use the hall, yet with his knowledge and without his dissent it was kept ready for his use on each succeeding Saturday evening until the end of the season ; consequently having failed to fully perform his contract he must respond in damages to the plaintiff for the loss suffered. *Johnson* v. *Wilkinson*, *ubi supra*.

*Exceptions overruled.*

---

* The defendant contended that there was nothing in the instrument signed by him which bound him to pay for any time beyond the nights upon which he had used and occupied the hall ; that the paper was no more than an offer, binding upon no one except so far as it had been executed, and only to that extent was an accepted offer.