JOHN J. KELLER *vs.* ROBERT WEBB & another.

Suffolk. March 25. — July 19, 1878. ENDICOTT & LORD, JJ., absent.

In an action on a written contract for the purchase of a certain number of " casks ' of black lead at so much a pound, oral evidence of the size of casks agreed upon is admissible.

CONTRACT for breach of an agreement to purchase certain black lead.

At the trial in the Superior Court, before *Rockwell*, J., the following letter from the plaintiff to the defendants was in evidence :

" When we had the pleasure of your visit a short time since, you stated that you would report on your return to Boston, in regard to the contract for about 600 casks of Crown double hammer No. 1, Amalia Mine, German black lead, for next year. According to last quotations, we could import the lead at $1.70 gold per 100 lbs. in shipments of 100 casks per month (probably from the 1st April next), payable cash in 30 days after arrival of each lot."

The defendants' letter of acceptance was as follows : " Your esteemed favor of the 23d inst. is at hand and contents noted. We should like to make the contract for the 600 casks, Crown double hammer No. 1, Amalia Mine, German lead, at $1.70 gold per 100 pounds."

There was also evidence that the kind of lead in question was imported in casks weighing about 800 pounds each, unless especially ordered otherwise, and that it was imported in long and short casks of different weight.

The defendants contended that, at the time of making the contract referred to in the plaintiff's letter, the parties bargained for lump lead, 600 pounds in the casks, and proposed to ask one of the defendants, who was a witness, the following question: "At the time of making the agreement in suit, was there any stipulation by parol between you and the plaintiff as to the weight of the casks referred to in the written agreement?"

The plaintiff objected to the question, on the ground that it was sought by parol evidence to vary, control and contradict the contract in writing; and the judge excluded the question.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*J. D. Thomson*, for the defendants.

*S. J. Thomas*, for the plaintiff.

COLT, J. The intention of the parties to a contract is ascertained by applying its terms to the subject matter. Parol evidence is admissible for the purpose of removing any ambiguity which arises in so applying a written contract. The admission of parol evidence for such purpose does not violate the rule which makes the written instrument the proper and only evidence of the agreement. If the previous negotiations make it manifest in what sense the terms of the contract are used, such negotiations may be resorted to as furnishing the best definition to be applied in ascertaining the intention of the parties. The sense in which the parties understood and used the terms of the contract is thus best ascertained. *Stoops* v. *Smith*, 100 Mass. 63. *Miller* v. *Stevens*, 100 Mass. 518. *Swett* v. *Shumway*, 102 Mass. 365.

In the case at bar, the black lead contracted for was to be paid for by the pound, and the written agreement of the defendants was to take 600 casks in shipments of 100 casks per month. The contract is silent as to the weight of the casks, and therefore the number of pounds which the defendants were obliged to take can only be ascertained by finding what the parties understood by the term "casks." The damages which the plaintiff is entitled to recover can only be computed by knowing the weight of the casks named in the contract. It is open to both parties to show by all the circumstances, including what the parties may have said before, or at the time of the contract, or by their admissions afterwards, what was meant by that term. This the

defendants tried to do in the evidence offered by them and
excluded by the judge; and, for this exclusion of evidence, the
entry must be                                 *Exceptions sustained.*