WILLIAM C. HEBB *vs.* THOMAS C. WELSH & trustee.

Suffolk.   January 12, 1904. — March 31, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Evidence,* Extrinsic affecting writings.   *Contract.   Damages.*

In an action for an alleged breach of a contract in writing, to build two houses and a stable for the plaintiff, by the defendant's failure to put a soil pipe in the stable, oral evidence is admissible to show the meaning of the words "all the plumbing work on . . . one stable . . . the work to be . . . accepted by the plumbing inspectors of the city of Boston", and for this purpose the plaintiff may introduce evidence of conversations between himself and the defendant at and before the time of signing the contract, in which the various items including the plumbing of the stable were discussed in fixing the contract price, and evidence of what was necessary to be done to make the plumbing acceptable to the inspectors.

In an action of contract for the failure of the defendant to complete a building which he agreed to construct for the plaintiff, the damages which the plaintiff is entitled to recover are measured by the cost of the labor and materials necessary to complete the designated work which the defendant has left unfinished.

BRALEY, J.   This is an action of contract to recover damages by reason of the failure of the defendant to carry out and perform an agreement in writing by which he undertook " to do all the plumbing work on two houses and one stable . . . according

o

to the plans and specifications . . . the work to be completed in a substantial and thorough manner, accepted by the plumbing inspectors of the City of Boston, and to the satisfaction of the said W. C. Hebb."

The defendant failed and refused to put in a soil pipe in the stable, and make the necessary connections, contending that this work was not required under the contract and specifications.

At the trial in the Superior Court, without a jury, this contention was not sustained, and he was found liable in damages by reason of his failure to perform the contract, and under his exceptions this raises the principal question in the case.

The rule invoked by the defendant that parol evidence is not admissible to vary the terms of a written contract is well settled. *St. Louis Perpetual Ins. Co.* v. *Homer,* 9 Met. 39, 40. But it does not apply when the language used is ambiguous by reason of unexpressed terms, and resort must be had to extrinsic evidence to determine the meaning and extent of the language employed by the contracting parties. Such evidence is admissible not to vary what is written, but to complete the instrument. *Sargent* v. *Adams,* 3 Gray, 72. *Stoops* v. *Smith,* 100 Mass. 63, 66. *Keller* v. *Webb,* 125 Mass. 88. *New England Dressed Meat & Wool Co.* v. *Standard Worsted Co.* 165 Mass. 328, 332.

In the contract under consideration the specifications for the stable, among other things, referred to a "drain for soil pipe to cesspool", and "lay a 6-inch Akron drain pipe from soil pipe to cesspool", but contained no requirement that a soil pipe should be put in the stable. At the trial the defendant contended that under it he had not contracted to put in a soil pipe, and resort must be had to the meaning of the words "all the plumbing work on . . . one stable . . . work to be . . . accepted by the plumbing inspectors of the City of Boston" to ascertain if his contention can be supported.

In order to determine what was the intention of the parties, the conversation of the plaintiff with the defendant at and before the signing of the contract, in which the various items of work were discussed, including the plumbing in the stable, in order to fix the contract price, was competent, as well as evidence of what was necessary to be done in order that the plumbing might be "accepted by the plumbing inspectors of the City of Boston." *Keller* v. *Webb, ubi supra.*

This testimony did not contradict any of the terms of the writing, but only showed in detail what was included under the general expressions used of "all plumbing," and that a soil pipe would be required in the stable before such plumbing would be acceptable to the inspectors. *New England Dressed Meat & Wool Co.* v. *Standard Worsted Co.*, *ubi supra.* *Alvord* v. *Cook,* 174 Mass. 120.

When the defendant declined to carry out the contract as proved, the plaintiff had a legal right to recover compensation for all damages he had suffered. Such damages would be measured by the cost of labor and materials necessary to finish the designated work, and which the defendant had failed to perform. *Olds* v. *Mapes-Reeve Construction Co.* 177 Mass. 41, 43. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 181 Mass. 275, 278.

All the evidence is not reported, but enough appears in the bill of exceptions to make it apparent that this was the rule of law followed at the trial.

*Exceptions overruled.*

*J. M. Maloney*, for the defendant.
*W. Keyes*, for the plaintiff.