WILLIAM T. DeFRIEST & another *vs.* RICHARDS M. BRADLEY & another, trustees.

Suffolk.    March 22, 1906. — June 20, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Landlord and Tenant.    Evidence,* Extrinsic affecting writings.    *Equity Jurisdiction.    Estoppel.*

If a lease for four years contains a reservation by the lessor of the right to cancel the lease by giving a certain notice and paying a stipulated amount of money, and contains no provision for renewal, and if the parties to the lease before its expiration make an agreement in writing extending the lease for a further period of five years and stipulating that " all provisions, agreements, terms and conditions in said lease . . . shall apply to said term as extended," this continues the lease for a period of nine years from its date and leaves all of its provisions in force including the lessor's right of cancellation, although before the extension took effect the lessee made improvements on the premises at a large expense with the knowledge and consent of the lessor and relying upon

and induced by an oral agreement of the lessor that if the improvements were made the lease should be extended for a further term of five years and the lessor would permit the lessee to occupy the premises during the whole of the extended term.

An agreement in writing between a lessor and a lessee made before the expiration of the term, extending the lease for a further period of five years and stipulating that "all provisions, agreements, terms and conditions in said lease . . . shall apply to said term as extended," is free from ambiguity and cannot be varied by evidence of an oral agreement that the lessor shall not exercise a right reserved by him in the lease to terminate it by giving a certain notice and paying a stipulated amount of money.

A lessee has no remedy in equity to enjoin his lessor from exercising a right to terminate the lease, which was given to him by its terms and has been continued by an agreement in writing extending the period of the lease, on the ground that before the extension took effect the lessee made improvements on the premises at a large expense with the knowledge and consent of the lessor, relying upon and induced by an oral agreement of the lessor that if the improvements were made the lease should be extended and the lessor would permit the lessee to occupy the premises during the whole of the extended term.

BILL IN EQUITY, filed October 30, 1905, by William T. DeFriest of Boston and the William J. Lemp Brewing Company, a corporation organized under the laws of the State of Missouri, against the trustees under the will of John D. Williams, late of Boston, to enjoin the defendants from cancelling a lease of a brick building numbered 28 and 30 on Avery Street in Boston made by the defendants' predecessor in the trust to the plaintiff DeFriest who afterwards assigned his rights therein to the plaintiff corporation.

In the Superior Court the case was heard by *Fessenden,* J. The material portions of the lease were contained in its granting and habendum clauses, which were as follows :

"This indenture, made the ninth day of May in the year nineteen hundred, between Richards Bradley, trustee under the will of John D. Williams, late of Boston (hereinafter called the lessor) of the one part and William T. DeFriest of Boston, Mass. (hereinafter called the lessee) of the other part

" Witnesseth, that in consideration of the covenants herein contained, on the part of the said William T. DeFriest and his representatives, to be kept and performed, the said Richards Bradley, trustee doth hereby lease unto the said William T. DeFriest the brick building numbered twenty-eight (28) and thirty (30) Avery Street in said Boston, reserving unto himself and his representative the right to cancel this lease at any time

by paying the said lessee the sum of three thousand (3000) dollars if cancellation takes effect during the first year and a half of the term hereof and by paying him the sum of fifteen hundred (1500) dollars if cancellation takes effect subsequent to the above mentioned period: provided that said lessor shall give written notice of intention so to cancel said lease three months in advance, said written notice to be delivered to said lessee or mailed with address to said lessee on said premises; except in case the taking of the whole or any part of said leased premises is authorized by public authority, in which case the lease may be cancelled at once by written notice to that effect addressed and mailed or delivered as above provided ; payment of three thousand (3000) dollars or of fifteen hundred (1500) dollars, according to time of cancellation, as above provided, to be due from said lessor to said lessee upon such cancellation.

" To have and to hold the said premises hereby leased unto the said party of the second part and his representatives, from the first day of May in the year nineteen hundred and one during the full term of four years thence next ensuing."

The agreement of extension referred to in the opinion was as follows:

" It is hereby agreed that the term of a certain lease dated May 9, 1900, between Richards Bradley, trustee under the will of John D. Williams, as lessor, and William T. DeFriest, as lessee, shall be extended for the period of five years from the expiration thereof, so that the term of said lease as extended shall extend to and expire on the 30th day of April, 1910 ; and all provisions, agreements, terms and conditions in said lease and the assignment thereof to The William J. Lemp Brewing Company, which assignment is dated ·December 13, 1901, shall apply to said term as extended.

" Witness our hands and seals this sixth day of November, 1903."

Here followed the signatures of the trustees under the will of John D. Williams and of the plaintiff DeFriest, below which was an assent to the extension executed by the plaintiff corporation as assignee of the lease.

On July 6, 1905, the following notice of cancellation signed by the defendants was sent to the plaintiff DeFriest:

" Dear Sir :

" By virtue of the provisions of the lease to you, dated May 9, 1900, from Richards Bradley, trustee under the will of John D. Williams, which lease was on November 6, 1903, extended to April 30, 1910, we, the lessors of the leased premises hereby notify you of our election to cancel the lease, said cancellation to take effect October 31, 1905.

" Pursuant to the terms of the lease there will be due from us on said date when said cancellation is to take effect, the sum of fifteen hundred (1500) dollars, and that amount we will pay over at that time."

Afterwards a tender of $1,500 was made by the defendants and refused by the plaintiffs.

The judge made the following findings of fact :

" In July, 1903, the plaintiff DeFriest, being in possession of the premises described in the bill in this suit under the lease a copy of which is annexed to the bill, and desiring to extend his business, entered upon negotiations for an extension of the term of the lease.    The negotiations were all oral.    The defendants seasonably objected to the admission of the evidence ; but I admitted it, subject to the objection and exception of the defendants.    DeFriest requested the lessors to make certain alterations and improvements on the leased premises.    The lessors declined so to do unless he would pay the expense thereof.    He told them that he would not as he would have to carry on the business for some time at a loss, that he would be put to considerable expense in making the alterations and improvements, that he would have to borrow the money therefor, that the lease had only about a year and a half to run, that the business would be interrupted while the changes were being made and that he could not get the money back in the time during which the lease was to run.    They offered him three years more in addition to the term of the lease ; but he declined this saying that he could not get the money back and that he would not make the improvements unless they gave him five years' extension of the lease.

" Early in September of the same year the lessors informed him that they had decided to give him the five years, and to

allow him one month's rent ($250.00) for the interruption to his business. Nothing was said about the right to cancel the lease as provided in the lease, and the plaintiff did not understand that the lessors had such right. It was understood that the assignment to the Lemp Brewing Company and the guaranty of that company were to apply to the extension.

" Early in October DeFriest began the alterations and improvements. He completed them in November. The lessors knew of the beginning and the progress of the work, which was inspected from time to time by their representatives.

" He expended about $1600 on them, and also about $600 in equipping his restaurant.

" During the first year after he began the enlarged business he lost about $2000. There was no profit from the new business until after the expiration of eighteen months from the time he began carrying it on. It has become profitable. The lessors have not made any objection to the business or his method of conducting it. He borrowed $4900 of the Lemp Brewing Company to cover his losses and the expense of the alterations and improvements. This was contemplated when he began the changes.

" The lessors executed the extension instrument about November 6, 1903, and while the alterations and improvements were being made, and it was left with H. E. Warner, Esquire, in escrow until March, 1904, when, the work having been completed and the term for claiming mechanic's liens having expired, it was delivered. Mr. Warner acted as attorney for the Lemp Brewing Company when the extension was prepared and signed, and looked after the interests of that company and DeFriest.

" I do not find any waiver or estoppel on the part of the lessors.

" The several instruments and notices annexed as exhibits to the plaintiffs' bill were duly executed and delivered.

" At the request of the plaintiffs' counsel I state that Mr. DeFriest gave his testimony in an honest and truthful manner and told the truth."

The judge under Chancery Rule 35 appointed a commissioner to take the evidence and report it to this court. Afterwards he made a final decree that the bill be dismissed without prejudice

to any remedies that the plaintiffs might have at law. The plaintiffs appealed.

The case was argued at the bar in March, 1906, before *Knowlton*, C. J., *Morton*, *Lathrop*, *Braley*, & *Sheldon*, JJ., and afterwards was submitted on briefs to all the justices.

*H. E. Warner*, (*G. C. Dickson* with him,) for the plaintiffs.

*R. S. Gorham*, for the defendants.

BRALEY, J. The original lease contained neither a covenant for renewal, nor an agreement for an additional term at the election of the lessee. If the last provision had been inserted, and the option had been exercised, there would have been a present demise to take effect at the expiration of the first term, and no subsequent agreement or second lease would have been necessary. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267, 270. The leasehold estate would have been thus prolonged to the end of the entire period, subject to all the conditions and covenants, including that of the right of the lessor to cancel the lease at his pleasure upon giving written notice and paying the stipulated sum which was to be graduated in amount according to the time the lessee had occupied the premises. *Dix* v. *Atkins*, 130 Mass. 171. *Toupin* v. *Peabody*, 162 Mass. 473. It was, however, within the contractual power of the parties by a later arrangement to prolong the term although the lease was silent on this subject, and this was done by an instrument which has been referred to as the agreement of extension, which was executed and became operative before the term provided for in the lease had expired. In legal effect this agreement operated to extend the term as effectually as if its principal provision had been inserted in the lease in the form of an option of extension for a further definite period at the election of the lessee, who subsequently made such an election. By either way, then, the result is the same, for the original demise is thereby lengthened to cover the longest time named. The lease and the agreement, therefore, must be construed together and considered in their entirety as forming the contract between the parties. This, with an exception presently to be noticed, is not denied by the plaintiffs, as they aver in their bill that all the covenants and agreements to be kept by them have been performed. The exception is the reservation of the right to cancel the lease,

of which the lessors by a proper notice having signified their intention to take advantage, this bill is brought for the purpose of enjoining them from enforcing a cancellation.

From the facts which are not in dispute it is manifest that the plaintiff DeFriest made the improvements on the premises at a large expense with the knowledge and consent of the defendants, and upon an oral understanding with them that if this was done by him the lease should be extended for a further term of five years. During these negotiations and in the oral agreement there was no reference whatever made to the right of cancellation, and from the testimony of the lessee, which is stated in his findings of fact by the presiding judge before whom the case was tried to have been entitled to full credence, it is apparent not only that he expended his money in good faith relying upon the representations of the defendants that if he did so they would permit him to occupy the premises for the entire term, but also that such expenditures would not have been made if he had understood that they still claimed the right to terminate his tenancy at their will. If the written agreement had merely prolonged the term without further details, and the defendants then had attempted to enforce a cancellation, the plaintiffs would have been able to defeat a forfeiture by proof of the oral agreement, from which it could have been found that it was not within the contemplation of the parties to keep this condition alive, as its enforcement would defeat the object for which the extension was granted. *Durkin* v. *Cobleigh*, 156 Mass. 108, 109. But where after preliminary verbal negotiations have taken place the parties finally put their contract in writing, an independent contemporaneous oral agreement relating to the subject matter which is inconsistent with the terms of the instrument cannot be given effect to vary or modify its provisions. *Thomas* v. *Barnes*, 156 Mass. 581, 583. This principle, however, is not in conflict with another well settled rule upon which the plaintiffs rely, that for the purposes of interpretation and application of the terms of a contract evidence showing the subject matter with which the parties dealt, the object which they sought to accomplish, as shown by the preceding negotiations, is competent, not to vary what has been reduced to writing, but to aid in its construction and to make plain in

what sense the parties used and understood the language they employed. *Palmer* v. *Clark*, 106 Mass. 373, 387. *Keller* v. *Webb*, 125 Mass. 88, 89. *Proctor* v. *Hartigan*, 139 Mass. 554. *Bassett* v. *Rogers*, 162 Mass. 47, 51 ; *S. C.* 165 Mass. 377. *Alvord* v. *Cook*, 174 Mass. 120, 122, 123. *Lynn Safe Deposit & Trust Co.* v. *Andrews*, 180 Mass. 527, 534. *Hebb* v. *Welsh*, 185 Mass. 335. But this rule is inapplicable.

Upon recurrence to the agreement it purports in clear and comprehensive language to grant an extension of the demised term, subject to "all provisions, agreements, terms and conditions in said lease" and in this form it was prepared by the plaintiffs' attorney and submitted to and signed by the defendants, and was left in escrow with the plaintiffs' attorney until after the time had expired during which mechanics' liens might have attached, when it was delivered to the plaintiffs at the completion of the improvements. See *Nickerson* v. *Massachusetts Title Ins. Co.* 178 Mass. 308, 311. Neither upon the face of this instrument, if considered independently, nor when read in connection with the lease is there any ambiguity of expression, any more than there is in the lease itself, concerning the matter in dispute. That according to the understanding of the lessee, when the term was extended, there should have been an exception inserted stating that all of the covenants and obligations of the lease should continue in force except the lessors' right of cancellation, is not sufficient. Under the guise of construction by invoking the previous conduct and language of the parties the normal meaning of words cannot be explained away in equity any more than at law, even if by giving them their common signification it may result, as in the present case, in allowing one party to the contract to obtain an advantage which otherwise would be inequitable. *Kelly* v. *Cunningham*, 1 Allen, 473, 474. *Violette* v. *Rice*, 173 Mass. 82, 84, and cases cited. After receiving evidence of the attendant circumstances by which to determine whether the written contract expressed the intention of the parties, it is then to be determined whether the part of the contract alleged to have been omitted is covered by the writing. If it is, parol evidence is inadmissible. *Goode* v. *Riley*, 153 Mass. 585. *Benson* v. *Gray*, 154 Mass. 391, 395. *Reynolds* v. *Boston Rubber Co.* 160 Mass. 240, 245. *Menage* v.

*Rosenthal*, 175 Mass. 358. *Boruszweski* v. *Middlesex Assur. Co.* 186 Mass. 589. There is no suggestion that the execution and acceptance of the agreement by the plaintiffs was procured by the fraud or misrepresentation of the defendants, neither is there evidence that since then in reliance either upon their conduct or representations the plaintiffs have been led or induced to change their position for the worse so that neither a waiver of this part of the contract nor an estoppel which prevents its enforcement is shown. *Stiff* v. *Ashton*, 155 Mass. 130. Nor were they concluded by the negotiations before the written agreement was reached, upon the view advanced by the plaintiffs that this provision having thus either been waived or the defendants estopped, it had ceased to be operative, and therefore was not included, as the undisputed language of the agreement itself affirms this right. *Kent* v. *Warner*, 12 Allen, 561, 563. *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449, 450. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391.

Under our construction of the agreement, as we have said, it operated to continue the leasehold estate for the full term of nine years from the date of the lease, subject, of course, to the essential covenants and stipulations, and the notice given to the lessee that the defendants elected to take advantage of the right to cancel, having been preceded by a tender of the amount required if cancellation took place after the first year and a half of the term had expired, had the effect of terminating the lessee's estate and interest in the premises. A majority of the court are of opinion that the entry must be,

*Decree affirmed.*