EDWARD L. WELCH & another *vs.* PIETRO BOMBARDIERI.

Suffolk. December 5, 1924. — April 16, 1925.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes. *Evidence,* Competency, Extrinsic affecting writing. *Sale.*

An agreement by a flour mill owner to sell flour to a merchant was evidenced by a writing and by a carbon copy thereof in the form of an "order" signed by the merchant and indorsed as accepted for the mill owner by the agent subject to confirmation. When signed by the parties, the two papers had a blank in the place for the price opposite one item. Afterwards figures were written into the blank at the mill and forthwith a confirmation of the order with those figures inserted was sent by the mill owner to the merchant, called "Memorandum of Sale — Copy for Customer." The flour arrived at the merchant's city three months later and the merchant refused to accept it. At the trial of an action for damages resulting to the mill owner from such refusal, the defendant contended that the original contract, without the insertion, had been invalidated by alteration. The plaintiff offered the original, the carbon copy, and the confirmation as evidence proving the contract, and offered to prove in substance that the parties when they signed understood that the figures were to be filled in at the mill upon confirmation. The judge excluded the evidence on the ground that it changed a written contract. *Held,* that

(1) The evidence did not present an occasion for the application of the rule that parol evidence cannot be admitted to vary or contradict a written contract;

(2) Even if it be assumed that the defendant could have defeated the existence of a binding contract by refusing to be bound immediately upon receiving the confirmation, his lack of action for three months was evidence of an assent;

(3) The evidence should have been admitted.

Before the rule of substantive law, that parol evidence cannot be admitted to vary or contradict a contract in writing, can be applied by a trial judge, it must appear that there is before the judge an instrument in writing signed by the parties and intended by them as a statement of a complete agreement.

The rule of substantive law, that parol evidence cannot be admitted to vary or contradict a contract in writing, does not apply when the language used is ambiguous by reason of unexpressed terms and resort must be had to extrinsic evidence to determine the meaning and extent of the language employed by the contracting parties; in such circumstances evidence is admissible, not to vary what is written, but to complete the instrument.

CONTRACT for $1,784.99, the purchase price of flour alleged to have been sold by the plaintiff to the defendant, as described in the opinion. Writ in the Municipal Court of the City of Boston dated March 23, 1921.

On removal to the Superior Court, the action was tried before *Morton,* J. Material evidence, rulings by the trial judge, and exceptions by the plaintiff are described in the opinion. The judge reported his rulings to this court "upon the stipulation that if my ruling was correct, judgment must be entered for the defendant; if wrong, then the case shall be tried again to a jury."

*J. W. Lowrance,* (*J. L. Hurley* with him,) for the plaintiffs.

*H. E. Perkins,* (*G. A. McLaughlin* with him,) for the defendant.

WAIT, J. The plaintiffs sue for damages caused by breach of an agreement to purchase three hundred and ten barrels of flour. They put in evidence a writing, Exhibit 1, bearing date September 15, 1920, on a form called a "Re-sale Order" such as was used while the United States Food Administration was in control of the sale of foodstuffs, which set out that, subject to confirmation, the plaintiffs sold to the defendant for shipment within sixty days and delivery within three months at mill's option, payment on arrival at Boston, two hundred and sixty barrels of Fairfax brand flour in ninety-eight pound cotton containers at $13 per barrel; and fifty barrels of the same flour in one eighth barrel paper containers at $13.15 per barrel. The writing was signed by Thomas Henry, salesman, for the plaintiffs and "Accepted" by the defendant as buyer. The writing contained on its face ten printed conditions and the legend "Send this to mill when accepted by jobber"; and, on the back, a long list of "Package Differentials" and certain regulations of the Milling Division of the United States Food Administration. From the defendant, a carbon copy of this writing was put in evidence, Exhibit 2, which was identical except that no figures for the price of the fifty barrels in paper containers appeared where the writing introduced by the plaintiffs bore $13.15. The plaintiffs also put in evidence a writing, Exhibit 3, headed "Memorandum of Sale — Copy for customer" confirming a

sale by the plaintiffs to the defendant on the terms set out in the writing first described with testimony tending to show that it was mailed to the defendant immediately upon receipt by the plaintiffs of the writing in evidence as Exhibit 1.

It was admitted that the figures 13.15 were placed on Exhibit 1 immediately upon its receipt at the mills of the plaintiffs; that the confirmation was prepared thereupon and sent to the defendant; and that he received it in due course of the mail.

The flour was shipped to Boston where it arrived December 10. Notice of arrival was sent to the defendant on December 11, and, on December 17, the defendant wired to the plaintiffs: "Flour arrived. Cannot take it. Notify your agent here." The plaintiffs later sold the flour at a loss and incurred expense incidental to the sale. They seek to recover the loss and expense as damages.

The defendant contended that the contract was as set out in the carbon copy, Exhibit 2, retained by him; that its terms had been changed by the confirmation, Exhibit 3; and that the original, Exhibit 1, had been altered materially by the insertion of the figures 13.15. He asked the court to rule that no valid contract was made out. The plaintiffs thereupon made the following offer of proof: "The plaintiff offers to prove that it was the understanding of Henry and Bombardieri on the fifteenth of September, at the time of the signing of Exhibits 1 and 2, that the space opposite the item '50 ⅛ths paper' was upon the face of both exhibits blank, as upon the face of Ex. 2; that the said blank was left to be filled upon confirmation with the rate established at the mill as a charge for paper bags, and that this rate was by the mill fixed at fifteen cents per barrel, and the fixing of this rate was communicated in and with the confirmation contained in Ex. 3, and that the three exhibits are to be taken together. The plaintiff further offers to prove that in accordance with the custom of the trade a differential is charged upon flour ordered in paper bags of twenty-four and one half pounds when the terms quoted upon the flour are in barrel lots or in barrels." They contended that the three exhibits taken together constituted the contract. The judge excluded the

evidence on the ground that it changed a written contract, and reported the case.   If the ruling was correct, judgment is to be entered for the defendant; if wrong, the case is to be tried anew.

The evidence does not present an occasion for the application of the rule that parol evidence cannot be admitted to contradict a written contract.   Before that rule can be applied, the court must be sure that it has before it a written contract — a writing, or writings, signed by the parties and intended by them as a statement of their complete agreement.   *Saltzman* v. *Barson*, 239 N. Y. 332.   Wigmore, Evidence, §§ 2429, 2430.   If the evidence offered by the plaintiffs be believed, the writings, Exhibits 1 and 2, in the form in which they stood when signed on September 15, 1920, did not contain, and were not understood to contain, all the terms of a binding agreement.   It was intended that a blank space, purposely left vacant, was later to be filled by inserting a term which neither signer at the moment knew, but which was to bind the parties when inserted.   We know of no rule of law which forbids such a transaction.   The party who, in such a situation, inserts the term contemplated, does not make a material alteration in a contract.   True, he has changed a writing; but he has not altered a contract.   Instead of invalidating an agreement, he has given to an agreement its valid form.

Nor does the parol evidence rule apply ''when the language used is ambiguous by reason of unexpressed terms, and resort must be had to extrinsic evidence to determine the meaning and extent of the language employed by the contracting parties.   Such evidence is admissible not to vary what is written, but to complete the instrument.''   *Hebb* v. *Welsh*, 185 Mass. 335, 336.   The writings, Exhibits 1 and 2, are contradictory and incomplete.   The printed conditions are in many respects in direct conflict with the written terms.   The contract was subject to confirmation and thus was incomplete until confirmed.

If we assume that the defendant could have defeated the existence of a binding contract by immediate action on receiving the confirmation in refusing to be bound, his lack

of action before December 17 was evidence of an assent. Such failure to act becomes all the more significant if, in truth, there is in the trade such a custom as the plaintiffs offered to prove.

The evidence offered was admissible. *Hebb* v. *Welsh, supra. Thomas* v. *Barnes,* 156 Mass. 581. *Ives* v. *Farmers' Bank,* 2 Allen, 236. *Saltzman* v. *Barson, supra.*

As the ruling was wrong, in accord with the terms of the report there must be a new trial.

*So ordered.*